IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

## DEFENDANT BANTA'S MOTION *IN LIMINE* NO. 3

Defendant ALEX BANTA, by his attorneys, moves this Court pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rules of Evidence 104, and the inherent authority of this Court to manage the trial in this case,[1] for entry of an order regarding the various issues outlined in this Motion. In support of this Motion,

---

[1] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997) *accord U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002).

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Defendant Banta states as follows:

1. **Sequester Witnesses:** Federal Rule of Evidence 615 provides for the exclusion of witnesses upon a party's request "so that they cannot hear other witnesses' testimony," except for "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present."

Rule 615 seeks to preserve evidence's integrity by preventing one witnesses' testimony from influencing another witness's statements. *See, e.g., Perry v. Leeke*, 488 U.S. 272, 281-82 (1989)("[W]itnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections."); *United States v. Shurn*, 849 F.2d 1090, 1094 (8th Cir. 1988)("The practice of excluding witnesses serves to prevent them from tailoring their testimony to that which has already been presented, and helps to detect testimony that is less than candid." (citing

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

*United States v. Perry,* 815 F.2d 1100, 1105 (7th Cir. 1987) As the purpose of the rule is to prevent witnesses from "tailoring" their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid, *Geders v. United States,* 425 U.S. 80, 87 (1976), these concerns are just as valid for a rebuttal witness who already has testified in the case-in-chief as they are for a primary witness.

Unless a party can establish that one of these exceptions applies, Defendant Banta requests that non-party witnesses: (a) be barred from being present in the courtroom prior to their testimony, but if it is expected that a non-party witness may be called as a rebuttal witness, that such a non-party also be barred from being present in the courtroom prior to their rebuttal testimony; (b) from reading transcripts of the testimony of witnesses before the non-party witness testifies; and (c) being informed about what any other witness has testified before the non-party witness testifies. In addition, Defendant Banta requests that all non-party witnesses be expressly informed prior to the start of the trial of the Court order granting this request.

2. **Adverse Witnesses:** Defendant Banta may call as a witness

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

one or more correctional officers who were working at Western Illinois Correctional Center on the date of the alleged incident and who were in various aspects involved in the chain of events both before, during, and after the alleged incident and who were involved in the Government's investigation of the alleged incident. Defendant Banta may call as a witness one or more of the Illinois State Police investigators or FBI Agents who were involved in the investigation of this case. Defendant Banta requests leave pursuant to Federal Rule of Evidence 611(c) to examine those witnesses using leading questions as the witnesses would be an adverse witness. *See e.g. Ratliff v. City of Chicago*, 2013 U.S. Dist. LEXIS 94518, at *19-20 (N.D. Ill. July 8, 2013) ( "A classic example of a witness identified with an adverse party is a police officer called as a witness in a §1983 trial involving an incident in which he or fellow officers were involved.")

3. **Racial Motivation:** The three defendants are Caucasian. Inmate Earvin is African-American. No Government disclosure evidences that the alleged assault on Inmate Earvin was racially motivated. The Indictment in this case makes no allegation that the charged crimes were racially motivated. Clearly, any evidence or inference that the conduct of

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page 4 of **9**

Defendant Banta was racially motivated is not relevant and interjects in this case a highly emotional and sensational subject that would be highly unfairly prejudicial to Defendant Banta being judged on the evidence in this case.  Accordingly, the Government should be barred from putting forth any argument, evidence, testimony, or inference that Defendant's alleged conduct was racially motivated.

    4. **Police Databases**:  Defendant Banta moves this Court for an order barring the Government from using or obtaining, either directly or indirectly, any data about prospective jurors or about trial witnesses, from any law enforcement data base, such as CLEAR Data Warehouse, LEADS, or other computerized databases unique to the federal government. *See Martinez v. City of Chicago*, 2016 U.S. Dist. LEXIS 84231, at *70 (N.D. Ill. June 29, 2016) (granting plaintiff's motion in limine and noting that the propriety of allowing a litigant in a civil case to access police databases to perform background checks on potential jurors and to use such information during voir dire is an unsettled question in this district); *Gonzalez v. Olson*, 2015 U.S. Dist. LEXIS 76203, 2015 WL 3671641, at *8 (N.D. Ill. June 12, 2015) ("Police defendants are not in a special position such that they should be able to use private

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **5** of **9**

databases to aid them in selecting a civil jury when others cannot, even if [ ] they propose to share their findings with a plaintiff."); *Dyson v. Szarzynski*, 2014 U.S. Dist. LEXIS 174671, 2014 WL 7205591, at *2-3 (N.D. Ill. Dec. 18, 2014) (articulating the cautionary concerns associated with allowing these background checks on potential jurors).

In *Dyson*, the federal magistrate expressed a number of concerns associated with permitting a litigant in a civil case to access police databases to perform background checks on potential jurors, noting that permitting juror background checks could foster an atmosphere of distrust between jurors and lawyers or even the court. 2014 U.S. Dist. LEXIS 174671 at *3. The federal magistrate further noted the unfair imbalance in information available to law enforcement parties, who have access to various databases which a non-law enforcement party may not. *Id*

*See also Gonzalez v. Olson*, 2015 U.S. Dist. LEXIS 76203 at *26 (N.D. Ill. June 12, 2015) ("Defendants' asserted justification that jurors will lie about their criminal history or arrest record is not such a pervasive problem that it needs to be addressed by conducting criminal background checks on all jurors.").

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **6** of **9**

5. **Violation of Illinois Department of Correction's Regulations, Policies or Procedures:** As the criminal charges in this case that are based on the alleged violation of inmate Earvin's civil rights, Defendant Banta asks the Court to bar any argument, evidence, testimony or inference that Defendant Banta's conduct as alleged in the Indictment violated any Illinois Department of Correction's regulations, policies, or procedures. The Seventh Circuit has consistently held that the violation of departmental policies or orders is irrelevant to a constitutional claim. *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). *Accord Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003), holding that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of . . . departmental regulations and police practices." *See also Whren v. United States*, 517 U.S. 806, 815 (1996) (concluding that, because police rules, practices and regulations vary from place to place and from time to time, they are an unreliable gauge by which to measure the reasonableness of police conduct).

Wherefore, Defendant ALEX BANTA prays that this Court enter appropriate orders that grant him the relief that he prays for in this Motion, and that as regards the barring of evidence of racial motivation

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **7** of **9**

and Illinois Department of Correction's regulation, policies, and procedures, that the Government be directed to bring this Court's order to the attention of its witnesses.

                ALEX BANTA, Defendant,

                By: /s/Stanley N. Wasser
                    Stanley N. Wasser, #2947307
                    One of His Attorneys
                    FeldmanWasser
                    1307 South Seventh Street
                    Springfield, IL 62703
                    217-544-3403
                    swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Timothy A Bass    tim.bass@usdoj.gov

    William L Vig    bill@vig-law.com

    Mark Wycoff    mark@wycofflaw.com

    James Elmore    elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Not Applicable

By: /s/Stanley N. Wasser
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **9** of **9**