IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

## DEFENDANT BANTA'S MOTION *IN LIMINE* NO. 4

Defendant ALEX BANTA, by his attorneys, moves this Court pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rules of Evidence 104, and the inherent authority of this Court to manage the trial in this case,[1] for entry of an order regarding the admission of testimony by Dr. Gershon Norfleet. In support of this Motion, Defendant

---

[1] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997) *accord U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002).

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Banta states as follows:

1. <u>Preliminary Note</u>:  This Motion makes reference to the autopsy report regarding Inmate Earvin.  In view of the personal medical information contained in these documents, Defendant Banta is simultaneously filing a motion to submit the autopsy report to the Court under seal.

2. Defendant Banta stands indicted (d/e #1) on the following serious charges, all arising from an incident at a state correctional center where an inmate died from injuries alleged to have been sustained in that incident: Count I – Conspiracy to Deprive Civil Rights; Count II – Deprivation of Civil Rights; Count 3 – Conspiracy to Engage in Misleading Conduct; Count 9 – Obstruction – Falsification of Document; and Count 10 – Obstruction – Misleading Conduct.  Counts 4, 5, 6, 7, and 8, directed to the co-defendants make similar serious allegations of obstruction.

3. It is the contention of the Government that the use of force in the entry way to the segregation unit by Defendant Banta and the other two co-defendants against the inmate caused the inmate's death.

4. Federal Rule of Criminal Procedure 16(a)(1)(G) provides as follows (emphasis supplied):

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **2** of **8**

(G) *Expert Witnesses*. **At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial**. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. **The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications**.

5. Federal Rule of Criminal Procedure 16(d) provides in pertinent part:

> (d) Regulating Discovery.
>
> (1) *Protective and Modifying Orders*. At any time the court may, for good cause, * * *  grant other appropriate relief. * * * *
>
> (2) *Failure to Comply*. If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

6. By letter to Government's counsel dated March 9, 2020, Defendant Banta's counsel requested the following disclosure:

> All material required to be disclosed by Federal Rule of Criminal Procedure 16(a)(1)(G) regarding expert witnesses: a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **3** of **8**

> The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

7. By email dated April 27, 2020, Government's counsel responded:

> With respect to your discovery inquiry, we will send a more complete response in the near future, but I believe we have provided all Rule 16 discovery currently in the possession of the government with the possible exception of the CVs of the medical doctors. However, their interview reports or video interviews and Mr. Earvin's medical records have been provided. Those interviews provide a detailed summary of their expected testimony

One CV disclosed was that of Dr. Gershom Norfleet, that pathologist who performed the autopsy on Earvin. Also previously disclosed was Dr. Norfleet's autopsy report. No report of any law enforcement interview with Dr. Norfleet was disclosed. If Dr. Norfleet had testified before a grand jury, no grand jury testimony of Dr. Norfleet was disclosed. So, the only disclosure about Dr. Norfleet was his CV and autopsy report.

8. On that same date, April 27, 2020, Defendant Banta's counsel responded by email to Government's counsel:

> Your response seems to imply that the Government has complied with Fed. R. Crim. Pro. 16(a)(1)(G) regarding expert witnesses. Hopefully that is not the case, for we are not required to divine from the interview reports, video interviews and medical records provided exactly what is a summary of the testimony, including the witness's opinions, the bases and reasons for those opinions, that the Government intends to present under Rules 702,

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **4** of **8**

> 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.
>
> By rule, we are entitled to an express disclosure from the Government of that summary with the witness's opinions, the bases and reasons for those opinions.
>
> Hopefully your "more complete response" that you say will be forthcoming will contain that required summary.

No further disclosures regarding Dr. Norfleet, were forthcoming from the Government.

9. In the October 22, 2020 phone call, Government's counsel stated that he will ask Dr. Norfleet whether if he was to assume Inmate Earvin was punched multiple times and someone jumped up and landed on Inmate Earvin's right side with their knees whether the injuries to Inmate Earvin that he identified (broken ribs and punctured colon) could have been caused solely by punching; and whether the injuries he observed are consistent with the force caused by a car accident.

10. No such opinions or statements about these matters are contained in Dr. Norfleet's autopsy report. Moreover, the Government never made the disclosures required by Rule 16 regarding these opinions that Government's counsel has indicated it intends to elicit, or the basis therefore.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **5** of **8**

11. As noted above, Rule 16 expressly requires the Government to disclose upon request a written summary of any opinion testimony that the Government intends to use of Dr. Norfleet during its case-in-chief at trial, which summary provided under must describe the witness's opinions, the bases and reasons for those opinions. As stated in the Advisory Committee note to Rule 16, the summary describing the witness's opinions "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Defendant Banta and his counsel are not and should not be required to divine from the interview reports, video interviews and medical records provided exactly what is a summary of the testimony, including the witness's opinions, the bases and reasons for those opinions, that the Government intends to present during its case-in-chief at trial.

12. The Government having failed to provide the required expert disclosures, even at this late date, the Government should be barred from presenting any such opinion testimony by Dr. Norfleet. His testimony should be restricted only to what he recited in his autopsy report and his

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **6** of **8**

opinion about cause of death as stated in that autopsy report, being "Complications of Blunt Thoracoabdominal Trauma".

Wherefore, Defendant ALEX BANTA prays that the Court enter it order barring the Government from eliciting any opinions of Dr. Gershon Norfleet other than the cause of death opinion as disclosed in the doctor's autopsy report.

                              ALEX BANTA, Defendant,

                          By:  /s/Stanley N. Wasser       
                              Stanley N. Wasser, #2947307
                              One of His Attorneys
                              FeldmanWasser
                              1307 South Seventh Street
                              Springfield, IL 62703
                              217-544-3403
                              swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **7** of **8**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Timothy A Bass    tim.bass@usdoj.gov

    William L Vig    bill@vig-law.com

    Mark Wycoff    mark@wycofflaw.com

    James Elmore    elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Not Applicable

               By: /s/Stanley N. Wasser
                  Stanley N. Wasser, #2947307
                  One of His Attorneys
                  FeldmanWasser
                  1307 South Seventh Street
                  Springfield, IL 62703
                  217-544-3403
                  swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **8** of **8**