IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

**DEFENDANT BANTA'S MOTION *IN LIMINE* NO. 6
FOR ENTRY OF AN ORDER
PROTECTING DEFENDANT BANTA'S RIGHTS
PURSUANT TO *BRUTON v. UNITED STATES***

Defendant ALEX BANTA, by his attorneys, moves this Court moves this Court pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rules of Evidence 104, the inherent authority of this Court to manage the trial in this case,[1] and pursuant to *Bruton v. United States*, 391 U.S.

---

[1] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). Motions *in limine* permit the district court to eliminate in advance of trial evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997); *accord U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002).

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **1** of **8**

123 (1968), *Richardson v. Marsh*, 481 U.S. 200 (1987) and *Gray v. Maryland*, 523 U.S. 185 (1998), for entry of an order:

(a) requiring an appropriate redaction of any document that references any statements made by co-defendant Todd Sheffler that incriminates Defendant Banta that the Government intends to refer to or use at trial; and

(b) barring the Government or any witness for the Government from making any statement at trial or introducing any evidence at trial that is an admission of any kind by Todd Sheffler, where the statement or evidence incriminates Defendant Banta.

In support of this Motion, Defendant Banta states as follows:

1. Defendant Banta stands indicted on the following serious charges, all arising from an incident at a state correctional center where an inmate died from injuries alleged to have been sustained in that incident: Count I – Conspiracy to Deprive Civil Rights; Count II – Deprivation of Civil Rights; Count 3 – Conspiracy to Engage in Misleading Conduct; Count 9 – Obstruction – Falsification of Document; and Count 10 – Obstruction – Misleading Conduct.  Counts 4, 5, 6, 7, and 8, directed to the co-defendants make similar serious allegations of obstruction.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **2** of **8**

2. It is the contention of the Government that the use of force by Defendant Banta and by the other two co-defendants against the inmate on May 17, 2018, in the vestibule area leading to the correctional center's segregation unit, caused the inmate's death. *See* the Indictment (d/e #1) at paragraphs 1-8.

3. As part of its pretrial disclosures, the Government has disclosed the following documents related to statements made by co-defendant Todd Sheffler[1]:

A. An FBI 302 report of an interview of Todd Sheffler on March 4, 2019 (bates ##0249-0252); and

B. An FBI 302 report of an interview of Todd Sheffler on March 5, 2019 (bates ##0258-0260)

4. The two March 2019 interview reports indicate that they were given under a limited use immunity agreement. **Defendant Banta will make available to the Court full copies of the referenced documents upon request.** In an October 2, 2020 phone conference

---

[1] The Government also disclosed an FBI 302 report of an interview of Todd Sheffler on February 26, 2019 (bates ##0233-0234), however, nothing in this statement incriminates Defendant Banta.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **3** of **8**

with Government's counsel, the undersigned was advised that the Government would not be using any of Sheffler's statements in its case against Defendant Banta.

    C.   On May 23, 2019, subsequent to Sheffler giving his March 2019 interviews, Sheffler was administered a polygraph examination, the report of which the Government disclosed (bates ## 0313-0315). **Defendant Banta will make available to the Court a copy of the referenced document upon request.** The Government also disclosed audio tapes of the polygraph examination of Todd Sheffler taken on May 23, 2019. The report of examination, and numerous statements made by the FBI examiner to Sheffler during the polygraph examination, indicate that Government has informed Sheffler that he had lied in his interviews with the FBI and at the polygraph examination. The report of the examination indicates that, following the examination, Sheffler made a statement that incriminated Defendant Banta, namely that in the foyer of the segregation unit and before inmate Earvin was released to the segregation unit, Sheffer claims that "out of the corner of his eye, he saw Banta jump in the air, but did not see where he landed when they were in the foyer before releasing Earvin to the Segregation Unit".

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **4** of **8**

5.  Given these circumstances, the Government may be taking the position that the use immunity is no longer valid and Sheffler's statements in the two March 2019 interviews and during the polygraph examination could be used at trial.

6.  If presented at trial, Sheffler makes statements that clearly implicate Defendant Banta in the criminal activity for which Defendant Banta stands charged in this case.

7.  *Bruton v. United States*, 391 U.S. 123 (1968), held that a defendant's confrontation clause rights are violated when a non-testifying codefendant's confession naming the defendant as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider the confession only against the defendant. *See also Richardson v. Marsh,* 481 U.S. 200, 201-02 (1987) (so stating the rule).

8.  Later cases modified *Bruton* and held that the confrontation clause is not violated by the admission of a non-testifying codefendant's confession if:

- a proper limiting instruction is given and
- the confession is redacted to eliminate not only the defendant's name but also any reference to his or her existence.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

even if other evidence links the defendant to the crime. *Richardson*, 481 U.S. at 208, 211; *see also Gray v. Maryland*, 523 U.S. 185, 189-91 (1998) As state by the Seventh Circuit Court of Appeals: "only those statements that 'expressly implicate' the defendant or are 'powerfully incriminating' trigger Bruton[.]" *United States v. Green*, 648 F.3d 569, 576 (7th Cir. 2011) (quoting Marsh, 481 U.S. at 208).

9. The appropriate inquiry, according to *United States v. Mansoori*, 304 F.3d 635, 663 (7th Cir. 2002), is whether, " 'despite redaction, [the statement] obviously refer directly to . . . the defendant, and which involve inferences that a jury ordinarily could make immediately[,]' Gray, 523 U.S. at 196, or whether the statements incriminate the defendant only indirectly and 'when linked with evidence introduced later at trial[.]' Marsh, 481 U.S. at 208…"

10. Sheffler clear made statements that directly reference Defendant Banta, clearly incriminate Defendant Banta or link him to the charged crime. *Richardson*, 481 U.S. at 208.

11. As redaction is the appropriate remedy, short of a severance, to be sufficient any redaction must eliminate the defendant's name as well as all references to the defendant's existence. *Richardson*, 481 U.S.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **6** of **8**

at 211. Replacing the defendant's name with a blank space or the word "deleted" does not constitute a sufficient redaction. *Gray,* 523 U.S. at 192-97.

Wherefore, Defendant ALEX BANTA prays that this Court enter an order as follows:

A. Barring the Government or any witness for the Government from referring to, mentioning, or giving testimony about any statements that Todd Sheffler made that implicate Defendant Banta in the crimes charged.

B. Barring the Government from introducing at trial any documentary, audio, or video evidence that contain or refer to statements given or made by Todd Sheffler that incriminate Defendant Banta in the crimes charged.

ALEX BANTA, Defendant,

By: /s/Stanley N. Wasser
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **7** of **8**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Timothy A Bass    tim.bass@usdoj.gov

    William L Vig    bill@vig-law.com

    Mark Wycoff    mark@wycofflaw.com

    James Elmore    elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Not Applicable

    By: /s/Stanley N. Wasser
    Stanley N. Wasser, #2947307
    One of His Attorneys
    FeldmanWasser
    1307 South Seventh Street
    Springfield, IL 62703
    217-544-3403
    swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **8** of **8**