E-FILED
Wednesday, 16 June, 2021  04:46:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.: 19-CR-30067 |
| TODD SHEFFLER, WILLIE HEDDEN, and ALEX BANTA | |
| Defendant. | |

## DEFENDANT BANTA'S PROPOSED JURY INSTRUCTIONS

Defendant ALEX BANTA, by his attorneys, requests the Court to give the following instructions to the jury: Defendant Banta Instructions Numbers B1 through B17.

Copies of those Instructions, both with cited authority and clean, are appended hereto.

As Defendant Banta has not yet seen the Government's proposed instructions and it is customary for the Government to put together the basic set of instructions, it is possible that some of Defendant Banta's proposed instructions may be duplicative of what the Government proposes.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **1** of **3**

ALEX BANTA, Defendant,

By: _/s/Stanley N. Wasser _____
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **2** of **3**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A Bass          tim.bass@usdoj.gov

William L Vig           bill@vig-law.com

Mark Wycoff             mark@wycofflaw.com

James Elmore            elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

By: /s/Stanley N. Wasser _____
    Stanley N. Wasser, #2947307
    One of His Attorneys
    FeldmanWasser
    1307 South Seventh Street
    Springfield, IL 62703
    217-544-3403
    swasser@feldman-wasser.com

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **3** of 3

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the [defendant; particular defendant you are considering] is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Defendant Banta's Instruction No. B1
Seventh Circuit Pattern Criminal Instr. No. 1.03

Given _____
Refused _____
Modified _____
Withdrawn____

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Defendant Banta's Instruction No. B2
Seventh Circuit Pattern Criminal Instr. No. 2.01 (modified)

Given _____
Refused _____
Modified _____
Withdrawn_____

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Defendant Banta's Instruction No. B3
Seventh Circuit Pattern Criminal Instr. No. 2.04

Given _____
Refused _____
Modified _____
Withdrawn_____

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Defendant Banta's Instruction No. B4
Seventh Circuit Pattern Criminal Instr. No. 2.05

Given _____
Refused _____
Modified _____
Withdrawn_____

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:
- the intelligence of the witness;
- the witness' ability and opportunity to see, hear, or know the things the witness testified about;
- the witness' memory;
- the witness' demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and
- inconsistent or consistent statements or conduct by the witness.

Defendant Banta's Instruction No. B5
Seventh Circuit Pattern Criminal Instr. No. 3.01 (modified)

Given _____
Refused _____
Modified _____
Withdrawn____

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

Defendant Banta's Instruction No. B6
Seventh Circuit Pattern Criminal Instr. No. 3.03

Given _____
Refused _____
Modified _____
Withdrawn____

You have heard evidence that before the trial, a defendant made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by a defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

Defendant Banta's Instruction No. B7
Seventh Circuit Pattern Criminal Instr. No. 3.04

Given _____
Refused _____
Modified _____
Withdrawn_____

You have heard testimony from a witness, Willie Hedden, who:

>   Expected a benefit in return for his cooperation with the government
>    and
>   Who has pled guilty stating that he was involved in some of the same crimes the other defendants are charged with committing.

You may not consider his guilty plea as evidence against the other defendants. You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Defendant Banta's Instruction No. B8
Seventh Circuit Pattern Criminal Instr. No. 3.05 (modified)

Given _____
Refused _____
Modified _____
Withdrawn____

You have heard testimony about Defendant Alex Banta's good character. You should consider this testimony together with and in the same way you consider the other evidence.

Defendant Banta's Instruction No. B9
Seventh Circuit Pattern Criminal Instr. No. 3.08

Given _____
Refused _____
Modified _____
Withdrawn____

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

Defendant Banta's Instruction No. B10
Seventh Circuit Pattern Criminal Instr. No. 3.12

Given _____
Refused _____
Modified _____
Withdrawn_____

You have heard witnesses, namely, Dr. Collier, Dr. Norfleet, and Dr. Denton, who each gave opinions and testimony about certain subjects. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

Defendant Banta's Instruction No. B11
Seventh Circuit Pattern Criminal Instr. No. 3.13 (modified)

Given _____
Refused _____
Modified _____
Withdrawn____

You have seen a video recording. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I am providing you with the recording and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

Defendant Banta's Instruction No. B12
Seventh Circuit Pattern Criminal Instr. No. 3.14

Given _____
Refused _____
Modified _____
Withdrawn_____

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

Defendant Banta's Instruction No. B13
Seventh Circuit Pattern Criminal Instr. No. 4.07

Given _____
Refused _____
Modified _____
Withdrawn_____

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

A defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime or membership in the criminal scheme.

Defendant Banta's Instruction No. B14
Seventh Circuit Pattern Criminal Instr. No. 5.07 (modified)

Given _____
Refused _____
Modified _____
Withdrawn____

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

The conspiracy must include at least one member other than the defendant.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Defendant Banta's Instruction No. B15
Seventh Circuit Pattern Criminal Instr. No. 5.10

Given _____
Refused _____
Modified _____
Withdrawn____

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Defendant Banta's Instruction No. B16
Seventh Circuit Pattern Criminal Instr. No. 7.03

Given _____
Refused _____
Modified _____
Withdrawn____

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

       v.

TODD SHEFFLER,
WILLIE HEDDEN, and
ALEX BANTA

     Defendant.

No.: 19-CR-30067

**VERDICT FORM NO. _____**

WE, THE JURY, FIND THE DEFENDANT, ALEX BANTA

_____ OF THE OFFENSE OF CONSPIRACY
*GUILTY, NOT GUILTY*

TO DEPRIVE CIVIL RIGHTS AS CHARGED IN COUNT 1 OF THE

INDICTMENT.

_____ OF THE OFFENSE OF DEPRIVATION
*GUILTY, NOT GUILTY*

OF CIVIL RIGHTS AS CHARGED IN COUNT 2 OF THE INDICTMENT.

_____ OF THE OFFENSE OF CONSPIRACY TO
*GUILTY, NOT GUILTY*

ENGAGE IN MISLEADING CONDUCT AS CHARGED IN COUNT 3 OF

THE INDICTMENT.

_____ OF THE OFFENSE OF OBSTRUCTION-
*GUILTY, NOT GUILTY*

FALSIFICATION OF DOCUMENT AS CHARGED IN COUNT 9 OF THE

INDICTMENT.


_____ OF THE OFFENSE OF OBSTRUCTION-
*GUILTY, NOT GUILTY*

MISLEADING CONDUCT AS CHARGED IN COUNT 10 OF THE

INDICTMENT.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        Foreperson of the Jury


                                 Dated:_____

                           Page 2 of 2


Defendant Banta's Instruction No. B17          Given_____
                                               Refused_____
                                               Modified_____
                                               Withdrawn_____

# Clean Instructions To Follow

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the [defendant; particular defendant you are considering] is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:
- the intelligence of the witness;
- the witness' ability and opportunity to see, hear, or know the things the witness testified about;
- the witness' memory;
- the witness' demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and
- inconsistent or consistent statements or conduct by the witness.

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard evidence that before the trial, a defendant made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by a defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

You have heard testimony from a witness, Willie Hedden, who:

> Expected a benefit in return for his cooperation with the government
>  and
> Who has pled guilty stating that he was involved in some of the same crimes the other defendants are charged with committing.

You may not consider his guilty plea as evidence against the other defendants. You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard testimony about Defendant Alex Banta's good character. You should consider this testimony together with and in the same way you consider the other evidence.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard witnesses, namely, Dr. Collier, Dr. Norfleet, and Dr. Denton, who each gave opinions and testimony about certain subjects. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

You have seen a video recording. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I am providing you with the recording and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

A defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime or membership in the criminal scheme.

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

The conspiracy must include at least one member other than the defendant.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

**VERDICT FORM NO. _____**

WE, THE JURY, FIND THE DEFENDANT, ALEX BANTA

_____ OF THE OFFENSE OF CONSPIRACY
*GUILTY, NOT GUILTY*

TO DEPRIVE CIVIL RIGHTS AS CHARGED IN COUNT 1 OF THE

INDICTMENT.


_____ OF THE OFFENSE OF DEPRIVATION
*GUILTY, NOT GUILTY*

OF CIVIL RIGHTS AS CHARGED IN COUNT 2 OF THE INDICTMENT.


_____ OF THE OFFENSE OF CONSPIRACY TO
*GUILTY, NOT GUILTY*

ENGAGE IN MISLEADING CONDUCT AS CHARGED IN COUNT 3 OF

THE INDICTMENT.

Page 1 of 2

_____ OF THE OFFENSE OF OBSTRUCTION-
*GUILTY, NOT GUILTY*

FALSIFICATION OF DOCUMENT AS CHARGED IN COUNT 9 OF THE

INDICTMENT.

_____ OF THE OFFENSE OF OBSTRUCTION-
*GUILTY, NOT GUILTY*

MISLEADING CONDUCT AS CHARGED IN COUNT 10 OF THE

INDICTMENT.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                 Foreperson of the Jury


                                 Dated:_____

Page 2 of 2