IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-30067 |
| | ) | |
| TODD SHEFFLER, | ) | |
| WILLIE HEDDEN, and | ) | |
| ALEX BANTA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Defendant Alex Banta's Motion in Limine No. 1 for Entry of an Order Protecting Banta's Rights Pursuant to Bruton v. United States [d/e 58].

On January 6, 2021, Defendant Alex Banta filed his Motion in Limine No. 1 seeking to exclude, under Bruton v. United States, 391 U.S. 123 (1968), evidence that a text message sent by co-Defendant Willie Hedden to a co-worker implicated Banta—as well as Hedden—as responsible for the death of the inmate ("Banta and I may have killed a guy today" or "Banta and I hurt somebody—may have hurt

1

somebody today"). Banta seeks to redact the statement to remove any references to his involvement.

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is introduced at their joint trial because the defendant could not subject his co-defendant to cross-examination. See id. at 274.

On March 9, 2021, Defendant Hedden pled guilty to Conspiracy to Deprive Civil Rights (Count 1); Deprivation of Civil Rights (Count 2); Conspiracy to Engage in Misleading Conduct (Count 3). His guilty plea was accepted by the Court.

Defendant Hedden is now available to testify in this matter and he can no longer assert his Fifth Amendment right against self-incrimination. Defendant Banta claims that unless and until Hedden testifies at trial, the basis of Banta's Motion in Limine No. 1 remains valid. The Government should not be permitted to put in any statements by any witness suggesting that Hedden implicated Banta and then not call Hedden as a witness at trial, or call Hedden and limit the scope of direct examination of Hedden such that Banta

cannot cross-examine Hedden about the text message or statements relevant to the text message.

At the final pretrial hearing, the counsel for the Government reiterated that Hedden would testify during the Government's case-in-chief. Hedden will be questioned during direct examination about the text message that is the topic of Banta's <u>Bruton</u> motion. Based on the Government's representations, the Court determined that the motion is now moot.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Alex Banta's Motion in Limine No. 1 for entry of an Order Protecting Banta's Rights pursuant to <u>Bruton v. United States</u> is [d/e 58] DENIED AS MOOT.

ENTER: June 30, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
