## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-30067** |
| | ) | |
| **TODD SHEFFLER,** | ) | |
| **WILLIE HEDDEN, and** | ) | |
| **ALEX BANTA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH**, United States District Judge:

Before the Court is Defendant Alex Banta's Motion in Limine No. 3 [d/e 81].

Defendant Todd Sheffler adopts this motion in its entirety.

### Sequestration Of Witnesses

The Defendants seek an order sequestering non-party witnesses. Federal Rule of Evidence 615 provides for the exclusion of witnesses upon a party's request "so that they cannot hear other witnesses' testimony," except for "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after

being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present."

Unless a party can establish that one of these exceptions applies, Defendants Banta and Sheffler request that non-party witnesses: (1) be barred from being present in the courtroom prior to their testimony and, if it is expected that a non-party witness may be called as a rebuttal witness, that such non-party also be barred from being present in the courtroom prior to their rebuttal testimony; (2) from reading transcripts of the testimony of witnesses before the non-party witness testifies; and (3) being informed about what any other witness has testified before the non-party witness testifies. The Defendants also ask that all non-party witnesses be informed prior to the start of the trial of the Court order granting this request.

The Government does not object to the exclusion of witnesses as requested. The Government claims, however, that the parties and parties' representatives, Federal Bureau of Investigation Special Agents Angela Bray and Price McCarty, are exempt from this requirement. The Government also does not object to Defendants'

request that the exclusion apply to potential rebuttal witnesses for each party and that excluded witnesses should not read transcripts of the trial testimony of other witnesses or otherwise be informed of other witnesses' trial testimony.

The Court determined that the Government will be adequately represented by one case agent at trial. Rule 615(b) refers to "an officer or employee" who is designated as the "party's representative." Rule 615(b) does not refer to multiple individuals serving as the party's representative. Because of the pandemic, there remains a strong interest in minimizing the number of people in the Courtroom. Accordingly, the Defendants' motion is granted as to sequestration of witnesses.

## Adverse Witnesses

Defendants Banta and Sheffler state they may call as a witness one or more correctional officers who were working at Western Illinois Correctional Center on the date of the alleged incident and who had some involvement in the chain of events before, during, and after the alleged incident and who were involved in the Government's investigation. Defendants may also call as a witness one or more of the Illinois State Police investigators or FBI agents who were involved

in the investigation.  Both Defendants seek leave under Federal Rule of Evidence 611(c) to examine those witnesses using leading questions given that the witnesses would be adverse.

Federal Rule of Evidence 611(c) states that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony."  The rule provides that leading questions ordinarily should be allowed "(1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party."

The Government states that, because Rule 611 does not reference "adverse witnesses," the Defendants' request should be denied.  None of the correctional officer witnesses whom the Defendants might call are adverse parties or associated with the adverse party, the United States.  The Government states the evidence will show some were friends of Defendants Banta and Sheffler.

This portion of the Defendants' motion is denied.  Defendants will first have to establish that a witness is hostile before being permitted to ask leading questions.

<u>Racial Motivation</u>

Defendants Banta and Sheffler, who are Caucasian, seek an order barring the Government from putting forth any argument, evidence, testimony or inference that their alleged conduct was racially motivated. Mr. Earvin was African-American. Defendants state no Government disclosure suggests that the alleged assault was racially motivated, and the Indictment makes no such allegation about the charged crimes. Defendants further argue the introduction of any evidence or inference that the conduct of Banta and Sheffler was racially motivated is not relevant and is highly prejudicial.

The Government notes it is permitted to introduce evidence of motive for the Defendants' alleged conduct. Such evidence may be particularly relevant in an excessive force case if a defendant exercises his right to testify. Such evidence would also be highly relevant to assessing the correctional officers' accounts of the circumstances surrounding the incident. The Government states it has not disclosed its intent to use such evidence under Federal Rule of Evidence 404(b) and does not intend to use such evidence in its case-in-chief.

Accordingly, the Defendants' motion pertaining to racial motivation is granted as to the Government's case-in-chief.

## Police Databases

Defendants Banta and Sheffler seek an order barring the Government from using or obtaining, either directly or indirectly, any data about prospective jurors or about trial witnesses, from any law enforcement database, such as CLEAR Data Warehouse, LEADS, or other computerized databases unique to the federal government.

The Government states it routinely runs criminal checks on trial witnesses in order to comply with requirements to notify defendants of any potential impeachment information regarding its witnesses. Moreover, granting Defendants' request would hamper its obligations under Giglio. The Defendants' motion cites no criminal cases in which the court barred the prosecution from accessing law enforcement databases.

The Court proposed that the Government provide Defendants' attorneys with any information it acquires from background checks of potential jurors and witness. The Parties agreed to that resolution. Therefore, the Defendants' motion to bar use of police databases is denied, though the Government agrees to share with Defense counsel in a timely fashion any information it acquires from background checks of potential jurors and witnesses. Counsel for the

Government stated it is uncertain as to whether the Government will conduct background checks of jurors. If it does perform such background checks, the Government will immediately provide the information to Defense Counsel.

<u>Violation Of Illinois Department of Corrections Regulations, Policies, Procedures</u>

Given that some of the criminal charges in this case are based on the alleged violation of Mr. Earvin's civil rights, Defendants Banta and Sheffler ask the Court to bar any argument, evidence, testimony or inference that their conduct as alleged in the Indictment violated any Illinois Department of Corrections' regulations, policies or procedures. Defendants cite <u>Thompson v. City of Chicago</u>, 472 F.3d 444 (7th Cir. 2003) for the proposition that such evidence is irrelevant to the charges in this case.

The Government disputes Defendants' contention that evidence of violation of IDOC regulations and procedures is not relevant to the issue of whether Defendants deprived Larry Earvin of his right to be free from cruel and unusual punishment. The Seventh Circuit held that "<u>Thompson</u> should not be understood as establishing a rule that evidence of police policy or procedure will *never* be relevant." <u>United</u>

States v. Brown, 871 F.3d 532, 537 (7th Cir. 2017) (emphasis in original). The Seventh Circuit further stated that "[i]mportantly, a per se rule against . . . testimony about police policy or procedure is particularly inappropriate in criminal cases." Id. at 538 (involving a defendant accused of violating Section 242, as in this case). "It might be less likely that an officer knew that his actions would deprive another of a federal right if those actions fell entirely within widely used standardized training or practice." Id. The Government states that it may be more likely that an officer knew his actions would deprive another of a federal right if the actions fell outside IDOC regulations and procedures. The Government further claims that any such violations might be necessary to explain the other evidence in this case.

Based on Brown, the Court denied the Defendants' motion as to violation of Illinois Department of Corrections regulations, policies, or procedures.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion in Limine No. 3 [d/e 81] is GRANTED in part and DENIED in part, as provided in this Order.

ENTER: June 30, 2021

FOR THE COURT:

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT COURT