# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-30067** |
| | ) | |
| **TODD SHEFFLER,** | ) | |
| **WILLIE HEDDEN, and** | ) | |
| **ALEX BANTA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Pending is Defendant Alex Banta's Motion in Limine No. 5 [d/e 83].

Defendant Todd Sheffler adopts this motion in its entirety.

The Defendants seek entry of an order, pursuant to Federal Rule of Civil Procedure 16(d), Federal Rule of Evidence 104 and the inherent authority of the Court, barring the Government from eliciting any undisclosed opinions from Dr. Patrick S. Collier.

The Government disclosed the CV of Dr. Collier, a trauma surgeon who attended to Mr. Earvin at St. John's Hospital.   No

documents authored by Dr. Collier were disclosed other than the hospital medical records during his treatment of Mr. Earvin. The disclosed interview of Dr. Collier consisted of a 37+ minute long video of a June 8, 2018 interview by law enforcement of Dr. Collier. The only disclosures pertaining to Dr. Collier were his recorded video interview and whatever he wrote in Mr. Earvin's medical records.

Defendants Banta and Sheffler further claim that, in a phone conference of October 22, 2020 between Government's counsel and Banta's counsel, Government's counsel represented that the Government does not intend to ask Dr. Collier's opinion regarding the cause of death, but Government's counsel stated that the Government will have Dr. Collier testify to everything he stated in his video interview with the Illinois State Police.

Defendants Banta and Sheffler allege the Government should be restricted only to the factual record of what he did in attending to Mr. Earvin. Defendants seek an order barring the Government from eliciting from Dr. Collier the following opinions:

1. That Mr. Earvin had or potentially had a traumatic brain injury and that this accounted for his lack of complaints of

pain when seen by health care personnel at the correctional facility;

2. That Mr. Earvin's injuries were caused or were potentially caused by significant blunt force trauma and that this trauma had to have been more like a bad car accident than a simple assault;

3. That Mr. Earvin's injuries were caused or were potentially caused by being "stomped on;"

4. That Mr. Earvin's injuries were caused or were potentially caused by being punched; and

5. Whether or not Mr. Earvin's prior conditions would or could have aggravated the symptoms he observed when treating Earvin.

The Parties have resolved the issue relating to compliance with Rule 16 disclosure requirements of an expert witness. Accordingly, Defendants withdrew that portion of the motion.

The Parties are attempting to resolve the portion of the motion relating to the Daubert objections to Dr. Collier's opinions. The Government will provide Defense counsel with a written supplement of Dr. Collier's opinions on the issues relevant to this motion. The

Parties will notify the Court in a timely fashion if their efforts fail and a <u>Daubert</u> hearing should be scheduled.

The Court will deny this portion of the motion, with leave to re-file if a <u>Daubert</u> hearing is necessary.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion in Limine No. 5 [d/e 83] is DENIED with leave to re-file, to the extent it relates to the <u>Daubert</u> objections to Dr. Collier's opinions.

The Defendants have withdrawn the portion of the motion relating to compliance with Rule 16 disclosure requirements of an expert witness.

ENTER: June 30, 2021

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE