IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-30067 |
| | ) | |
| TODD SHEFFLER, | ) | |
| WILLIE HEDDEN, and | ) | |
| ALEX BANTA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH**, **U.S. District Judge**:

Before the Court is Defendant Alex Banta's Motion in Limine No. 6 for Entry of an Order Protecting Banta's Rights Pursuant to Bruton v. United States [d/e 84].

Defendant Banta seeks entry of an order, pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rule of Evidence 104, the inherent authority of the Court to manage the trial in this case and pursuant to Bruton v. United States, 391 U.S. 123 (1968), Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S. 185 (1998):

1

(a) requiring an appropriate redaction of any document that references any statements made by co-Defendant Todd Sheffler that incriminates Defendant Banta that the Government intends to refer to or use at trial; and

(b) barring the Government or any witness for the Government from making any statement at trial or introducing any evidence at trial that is an admission of any kind by Todd Sheffler, where the statement or evidence incriminates Defendant Banta.

Defendant Banta was indicted on the following charges which arise from an incident at a state correctional center resulting in an inmate's death: Count 1—Conspiracy to Deprive Civil Rights; Count 2—Deprivation of Civil Rights; Count 3—Conspiracy to Engage in Misleading Conduct; Count 9—Obstruction--Falsification of Document; and Count 10—Obstruction—Misleading Conduct.

The Government alleges in the Indictment that the use of force by Banta and by the other two co-Defendants against Larry Earvin on May 17, 2018, in the vestibule area leading to the correctional center's segregation unit, caused the inmate's death.

As part of its pretrial disclosures, the Government disclosed to Banta two FBI 302 reports of interviews of co-Defendant Todd Sheffler on March 4 and 5, 2019. The interviews were conducted under a limited use immunity agreement. Banta states that, in an October 2, 2020 phone conference with the Government's counsel, Banta's counsel was advised that the Government would be not using any of Sheffler's statements in its case against Banta.

Banta further states that, on May 23, 2019, Sheffler was administered a polygraph examination. The Government disclosed to Banta's counsel the polygraph examination report in addition to audio tapes of the polygraph examination of Sheffler. Banta states that the report of the examination and numerous statements made by the FBI examiner to Sheffler during the polygraph examination provide that the Government has informed Sheffler that he had lied in his interviews with the FBI and at the polygraph examination. The report further provides that, following the examination, Sheffler made a statement that incriminated Banta, specifically that, in the foyer of the segregation unit and before Mr. Earvin was released to the segregation unit, Sheffler claims that "out of the corner of his eye, he saw Banta jump in the air, but did not see where he landed when

they were in the foyer before releasing Earvin to the Segregation Unit."

Defendant Banta believes that based on the above information, the Government may now be taking the position that the use immunity agreement is no longer valid and Sheffler's statements in the two March 2019 interviews and during the polygraph examination could be used at trial. Those statements implicate Banta in the criminal activity for which Banta stands charged in this case.

In response, the Government states it is allowed to use Sheffler's statements against him only if, as relevant here, he takes a factual position contrary to the information he provided. Therefore, the Government does not presently intend to use the statements at trial.

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is introduced at their joint trial because the defendant could not subject his co-defendant to cross-examination. See id. at 274. This is true even with a proper limiting jury instruction. See id. Subsequently, Bruton

was modified in Richardson v. Marsh, 481 U.S. 200 (1987), wherein the Supreme Court held that the admission of a non-testifying codefendant's confession does not violate a defendant's right to confrontation if (1) the confession is redacted "to eliminate not only the defendant's name, but any reference to his or her existence" and (2) the trial court provides a proper limiting instruction. See id. at 211. In Gray v. Maryland, 523 U.S. 185 (1998), the Court noted that the redactions must not be so "obvious" so as to "closely" resemble an unredacted statement. See id. at 192. This is because a typical juror would infer from an "obvious" redaction "that the confession refers specifically to the defendant." Id. at 193.

Following Bruton and its progeny, the Seventh Circuit has concluded that a defendant's "redacted confession may be admitted as long as the redaction does not obviously refer to the codefendant[]." United States v. Hernandez, 330 F.3d 964, 973 (7th Cir. 2003). "[O]nly those statements that expressly implicate the defendant or are powerfully incriminating trigger Bruton." United States v. Green, 648 F.3d 569, 576 (7th Cir. 2011) (quoting Marsh, 481 U.S. at 208).

The appropriate inquiry, according to United States v. Mansoori, 304 F.3d 635, 663 (7th Cir. 2002), is whether, "'despite redaction, [the statement] obviously refer[s] directly to . . . the defendant, and which involve inferences that a jury ordinarily could make immediately[,]" Gray, 523 U.S. at 196, or whether the statements incriminate the defendant only indirectly and "when linked with evidence introduced later at trial[.]" Marsh, 481 U.S. at 208.

Banta claims Sheffler clearly made statements that directly reference Banta, clearly implicate Banta, or link him to the charged crimes. He contends redaction is the only remedy short of a severance that is sufficient in this case, as any redaction must "eliminate not only the defendant's name but any reference to his or her existence." Richardson, 481 U.S. at 211.

The Government does not plan to use Sheffler's statements unless he contradicts them in which case his proffer statements would be admissible against him for impeachment or rebuttal. Additionally, if Sheffler contradicts his proffer statements without testifying, such as via cross-examination or the presentation of other evidence, his prior statements would raise Bruton issues by also

implicating Banta. Under those circumstances, both Defendants' cases could not be tried to the same jury. As long as Sheffler does not take such a position, the Government is not seeking to offer his proffer statements and those statements would not raise a <u>Bruton</u> issue as to Defendant Banta.

It is unknown what will happen at trial in terms of either Defendant's positions, the types of questions that might be asked on cross-examination, or the presentation of evidence. The Court recognizes that a <u>Bruton</u> issue could potentially arise. At this time, however, Defendant Banta's motion raises a hypothetical concern.

## **CONCLUSION**

For the foregoing reasons, Defendant Alex Banta's Motion in Limine No. 6 for entry of an Order protecting Banta's rights under <u>Bruton v. United States</u> [d/e 84] is DENIED at this time.

ENTER: June 30, 2021

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE