## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

TODD SHEFFLER,
WILLIE HEDDEN, and
ALEX BANTA

      Defendant.

No.: 19-CR-30067

# DEFENDANT BANTA'S MOTION *IN LIMINE* NO. 2-2

Defendant ALEX BANTA, by his attorneys, moves this Court pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rules of Evidence 104, and the inherent authority of this Court to manage the trial in this case,[1] for entry of an

---

[1] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997) *accord U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002).

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

order barring the Government from using or placing into evidence a hospital photograph that the Government disclosed to Defendants on August 3, 2021.

This photograph is part of the Hospital Photographs that have previously been filed with the Court under seal. *See* the Court's order of June 17, 2001 granting leave to file certain photos under seal. The photos are on a disc that Defendant Banta delivered to the Court and are in the Clerk's Office Vault. This photograph can be found at pdf page 5 of the Hospital Records on that disc. As evidenced from the first page of the hospital records, this photo was taken on May 18, 2018.

Defendant Banta originally raised an issue with the autopsy and hospital photographs in Defendant Banta's Motion *In Limine* No. 2, paragraph 4.N. (d/e 80) The Court, in its July 1, 2021 ruling on that motion (d/e #133), at pages 14-15, stated:

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **2** of 17

> Counsel for the Government is consulting with its expert witnesses regarding which photos are necessary to explain their testimony. Government counsel will advise Defense counsel which photos will be used.  The Defendants can then make any objections to the photographs.

The Government previously twenty-six (26) autopsy photographs [*See* Defendant Banta's Motion *In Limine* No. 2-1], but has now disclosed one (1) hospital photograph that it intends to introduce at trial.

By this Motion *In Limine* No. 2-2, Defendant Banta now makes his objections to the one (1) hospital photograph and in support of this Motion, Defendant Banta states as follows:

1.    Defendant Banta stands indicted on charges (d/e #1), all arising from an alleged excess force incident on May 17, 2018 at a state correctional center where an inmate is alleged to have died from injuries sustained in that incident. As indicated in the Indictment, it is the contention of the Government that the use of force by Defendant Banta and by

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **3** of 17

the other two co-defendants against the inmate, caused bodily injury to the inmate and the inmate's death.

2.     Defendant Banta has pled not guilty to the charges and is presumed innocent of the charges.

3.     As recited in the Court's July 1, 2021 Opinion on Defendant Banta's Motion *In Limine* No. 2, it is the Government's position is as follows: (a) the Government is required to prove the inmate was injured and died as a result of the Defendant Banta's actions; (b) whether Defendant Banta's conduct resulted in the inmate's death is disputed; (c) the Government's experts, Dr. Norfleet and Dr. Collier are expected to testify regarding the inmate's injuries and cause of death and will need to refer to the autopsy photographs to explain their testimony to the jurors; and (d) the injuries suffered by the inmate are highly probative of whether the force used was for harming the inmate or to maintain security.     Thus,     the     Government     claims     that     the

photographs are highly probative and not unfairly prejudicial.

4.   As indicated in the Government's Response (d/e #111) to Defendant Banta's Motion *In Limine* No. 2, the Government contends that the hospital photographs are highly probative if they confirm the prosecution's theory about the manner in which the alleged crime was committed and issues that are in dispute.  The Government indicated that it would only introduce a hospital photograph that helped explain the testimony of its experts and that relate to the defendants' alleged use of force.

5.   For the following reasons, the Court should bar the Government from using or introducing at evidence the one (1) hospital photograph the Government now contends it intends to use at trial:

A.   There is no dispute that the inmate was treated at St. John's Hospital from May 17, 2018 through June 15 2018

and that he was transported to St. John's Hospital on May 17, 2018 from Culbertson Hospital and following an incident involving the inmate that took place earlier in the day on May 17, 2018 at Western Illinois Correctional Center.

B.    There is no dispute that the inmate was injured on May 17, 2018.  The medical records the Government intends to introduce, the photographs of the inmate while at the facility, and the testimony of the treating doctors and prison facility nurse will detail the nature of the injuries the inmate was determined to have received.  But there is a dispute as to whether Defendant Banta injured or caused the death of the inmate.   Nothing in the photograph proves anything about <u>who</u> caused the injuries to or death of the inmate. Nothing in the photograph proves anything about <u>where</u> in the prison facility the injuries to the inmate occurred. Nothing in the photograph proves anything about <u>what</u> kind of trauma (for example a fall or a kick) caused the observed

injuries.  The hospital photograph evidences nothing about causation nor does the photograph evidence anything about what force if any caused trauma to the inmate.  Nothing in the photograph proves anything about the <u>degree or force</u> of the trauma that caused the observed injuries.  The hospital photograph is unnecessary for the Government and it is self-evident from looking at the photograph that it is unduly prejudicial as it will clearly evoke strong emotion and sympathy from the jury.

C.   As stated in Motion *In Limine* No. 2, Defendant Banta is not taking issue with the condition of inmate Earvin while he was in the various hospitals (Culbertson, St. John's and St. Mary's) and at Centralia Correctional Center.  We know from the testimony of Dr. Collier at the *Daubert* hearing that the inmate had a tracheostomy.   There is no reason Dr. Collier use medical graphics, if need be, to aid the jury in understanding his testimony, without the need to

show the jury a picture of the inmate in the hospital with this apparatus attached to his neck. Further, the Government has indicated that it intends to introduce into evidence the St. John's Hospital records (*see* Government Group Exhibit 7). These hospital records contain references to the tracheal apparatus and the other treatments received by the inmate. In any event, this apparatus and all of the tubing and other apparatus in the hospital photograph is not evidence of any injury to the inmate or cause of death, but rather evidences only a treatment procedure. As for the other doctors that the Government intends to call, Drs. Whitehead, Santos, Rosario, and Phoenix, none of them were treating the inmate at St. John's Hospital in May 2018.

D.    The Government has disclosed that it intends to use as evidence certain photographs taken of inmate Earvin in the WICC segregation unit while he was alive and depicting inmate Earvin's wounds, including those to his head,

shoulders, torso, and knees. These can be seen in Government's Exhibit 1 from the *Daubert* hearing. These photographs show some of the same injuries to the inmate's body as shown in the hospital photograph. The Government has also indicated that it intends to introduce into evidence the St. John's Hospital records (*see* Government Group Exhibit 7). These hospital records contain a record of the wounds observed on the inmate. *See* St. John's Hospital records at Bates numbered pages 2198, 2205- 2206, and 2212.

So, there is no need to show the jury a hospital photograph of the anterior view of the inmate lying in a hospital bed hooked up to all kinds of monitoring equipment and tubing with a wound dressing, a trach collar and a breathing or feeding tube apparatus. This photographic evidence is unnecessarily duplicative and only seeks to inject an emotional or inflammatory aspect to the evidence.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **9** of **17**

"Litigants are not entitled to burden the court with an unending stream of cumulative evidence." *MCI Commc'ns Corp. v. AT&T Co.*, 708 F.2d 1081, 1171 (7th Cir. 1983).

E.   Further, no hospital photograph is needed for the jury to understand these injuries for, as demonstrated at the *Daubert* hearing, the Government has and can obtain medical graphics which can be used in connection with a testifying physician to demonstrate the location of the injuries. Moreover, a medical witness need only point to part of their body to show the jury where the injury was located.

F.   For the same reasons stated above, even when Dr. Collier gives his opinion that he agrees with Dr. Norfleet's autopsy insofar as the inmate's condition identified in the autopsy that agrees with the conditions he found when he treated the inmate, no hospital photograph is needed to assist the jury in understanding that testimony.

G.   Regarding Government's witness Dr. Norfleet and

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **10** of 17

his autopsy report, Dr. Norfleet saw the inmate post-mortem and not in the hospital.   Using the same medical graphics and having Dr. Norfleet point to parts of his body, Dr. Norfleet can easily explain to a jury what he is referencing in his autopsy report without the need to be aided by this hospital photograph.

6.    The one thing that is obvious is that whatever minimal relevance of the hospital photograph, its admission into evidence will be so inflammatory as to create an unfair prejudice in the minds of the jury and detract them from a fair and unimpassioned consideration of the evidence. Accordingly, the admission of this hospital photograph into evidence should be barred by Federal Rule of Evidence 403(b).

7.    As stated by the Seventh Circuit, when considering the admission of graphic photographs where neither a victim's death nor the cause of death is at issue, "the only

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **11** of **17**

conceivable reason for placing them in evidence [i]s to inflame the jury. [emphasis supplied]" *Gomez v. Ahitow*, 29 F.3d 1128, 1139-40 (7th Cir. 1994) quoting *Ferrier v. Duckworth*, 902 F.2d 545, 548-49 (7th Cir. 1990).  In *Duckworth*, the Seventh Circuit explained that while the admission of gruesome photographs of a victim was harmless for habeas purposes, the trial court's admission of such photographs was both erroneous and inexcusable due to the fact the victim's death was not at issue. *See Duckworth,* 902 F.2d at 549. A single glance at the hospital photograph evidences that it is inflammatory and unduly prejudicial nature substantially outweighing any probative value that this photograph might have in this case.

8.     The Government's contention is that this hospital photograph is probative if it confirms the prosecution's theory about the manner in which a crime was committed should be rejected.  First, this contention should be rejected,

for as outlined above, the unduly prejudicial value of that evidence substantially outweighs its probative value and the Government has significant other evidence and means of presenting it to confirm the Government's theory about the manner in which the alleged crime was committed.  As noted above, the photograph only depicts injuries, not who caused them, where they were caused, or how they were caused.

Second, it would be error to admit this highly prejudicial form of evidence when, as discussed above, much less prejudicial but equally probative alternatives are available to the Government to make its point.  *See e.g.  Old Chief v. United States*, 519 U.S. 172, 191-92 (1997) cited with approval in *United States v. Gaytan*, 649 F.3d 573, 580-81 (7th Cir. 2011). *Accord, United States v. Tomkins*, No. 07 CR 227, 2012 U.S. Dist. LEXIS 54771, at *23 (N.D. Ill. Apr. 19, 2012)(noting that cumulative evidence can be unduly prejudicial, citing to *Old Chief*)

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Third, this is not a case where, given no real alternatives available to the Government, there is a need to have this hospital photograph to assist the jury in understanding the manner of death, such as torture, or that the wounds were inflicted by a certain size or type of weapon, or that the victim was bound in some fashion, or that the victim's body showed evidence of sexual or other abuse, or to establish for the Government some higher level of depravity in the manner in which the crime occurred, or corroborate the Government's theory about a crime scene.

9.     While the hospital photograph the Government wants to introduce may be the type or kind that occur in cases where there is an injured victim, it does not take away from the fact that by every metric, it is gruesome, inflammatory, and emotion evoking.     To allow the Government to use this type of photograph when other testimonial and demonstrative exhibits are available to the

Government, would serve no purpose but to allow the Government to wrongfully interject emotion, anger, and sympathy into this case.

10. The Comments to Rule 403 state that "unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Thus, courts apply Rule 403 in a manner that favors the admission of relevant evidence, and only exclude evidence when unfair prejudice threatens to overwhelm its probative value. The greater the probative value of the evidence, the more willing the court will be to tolerate some risk of prejudice. *United States v. Torres*, 977 F.2d 321, 328 (7th Cir. 1992).   But, in the case at bar, the probative value of the hospital photograph – as well as the autopsy photographs – is not that great and the photographs are duplicative of other evidence, thus, adding to their undue prejudice.  The improper basis the hospital, and the autopsy

photographs, suggest is that emotion and sympathy should guide if not control the jury's decision, jury instructions to the contrary notwithstanding.   No jury could ignore these photographs, even if there were instructions that sought to temper their effect.

Wherefore, Defendant ALEX BANTA prays   that   this Court enter an order barring the use and admission into evidence of the hospital photograph recently disclosed by the Government, and requiring the Government to bring to the attention of its witnesses the Court's order or orders.

ALEX BANTA, Defendant,

By:_/s/Stanley N. Wasser
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A Bass      tim.bass@usdoj.gov

Eugene L Miller      eugene.miller@usdoj.gov

William L Vig      bill@vig-law.com

Mark Wycoff      mark@wycofflaw.com

James Elmore      elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

By: /s/Stanley N. Wasser
     Stanley N. Wasser, #2947307
     One of His Attorneys
     FeldmanWasser
     swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403