E-FILED
Monday, 18 October, 2021 06:49:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CR-30067 |
| ) | |
| TODD SHEFFLER and ) | |
| ALEX BANTA, ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO
THE DEFENDANTS' MOTION TO CONTINUE TRIAL**

NOW COMES the United States of America, by Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Timothy A. Bass and Eugene L. Miller, Assistant United States Attorneys, and hereby submits its written response to the defendants' oral motion to continue the trial in this matter currently scheduled to begin on November 1, 2021.

1.  On December 14, 2019, a federal grand jury indicted the defendants on multiple counts related to depriving an individual of his civil rights resulting in his death. Defendants Sheffler and Banta have

1

pleaded not guilty and demanded a jury trial. The Court released the defendants on conditions of bond pending trial.

2.     The Court has granted the defendants' motion to continue the jury trial in this matter on several occasions. The trial is currently scheduled to begin on Monday, November 1, 2021. The United States has prepared and continues to prepare for trial and will be ready to proceed on November 1, 2021, if necessary.

3.     The Court most recently granted the defendants' oral motion to continue on August 5, 2021, based on the following findings:

> The Court notes that, according to the Illinois Department of Public Health website, 15 of the 16 counties in the Springfield Division are COVID-19 "High Transmission" counties, meaning 100 or more total new weekly cases per 100,000 people. The lone exception, DeWitt County, is labeled as "Substantial Transmission," or 50 to 99 7-day total new cases per 100,000. The jurors would be drawn from these mostly "High Transmission" counties. Some of the witnesses would be traveling from the same counties. Given these circumstances, there is a significant likelihood that the trial would be disrupted due to positive COVID-19 cases if it were to proceed on August 9, 2021. Therefore, a continuance of the trial is currently necessary due to the ongoing public health dangers associated with COVID-19. The Court finds, pursuant to 18 U.S.C. Section 3161 (h)(7)(B), that "the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." The Court further finds that granting the motion to continue is in the interest of justice and outweighs the Defendant's and the public's interest in a speedy trial. 18 U.S.C. Section 3161(h)(7)(A).

Text Order 8/5/2021.

4. Today, October 18, 2021, the defendants orally moved to continue the trial date of November 1, 2021. Pursuant to 18 U.S.C. § 3161(h)(7), a district court may grant a continuance and exclude the resulting delay if it makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. *United States v. Ramirez*, 788 F.3d 732, 735 (7th Cir. 2015) (citing *Zedner v. United States*, 547 U.S. 489, 498–99). The factors supporting the finding must be memorialized, either orally or in writing, and failure to do so may result in dismissal of the indictment. *Ramirez*, 788 F.3d at 735 (citing *Zedner*, 547 U.S. at 508, and *United States v. Wasson*, 69 F.3d 938, 945-46 (7th Cir. 2012)).

5. The Speedy Trial Act is not solely to protect a defendant's right to a speedy trial, but "was designed with the public interest firmly in mind." *Zedner*, 547 U.S. at 501. To this end, the Speedy Trial Act permits, under some circumstances, the severe sanction of dismissal with prejudice to give "the prosecution a powerful incentive to be careful about compliance." *Id.* at 499. It is in light of this admonition from the Supreme

Court that the United States urges careful compliance with the Speedy Trial Act. Namely, it requests that the defendants' motion to continue be granted only if the continuance is based on specific on-the-record findings by the Court that the ends of justice served by continuing the trial due to the ongoing public health dangers associated with COVID-19 outweighs the public's and the defendant's interests in a speedy trial.

6. The United States submits that the Court's findings of August 5, 2021, adequately supported the Court's granting of the motion to continue under both the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment right to a speedy trial. *See United States v. Bell*, 925 F.3d 362, 377 (7th Cir. 2019); *see also United States v. Olsen*, 995 F.3d 683, 693 (9th Cir. 2021) (reversing dismissal of indictment with prejudice under Speedy Trial Act because "surely a global pandemic that has claimed more than half a million lives in this country . . . falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health").

7. The United States further acknowledges that, according to the CDC website as of today's date, 13 of the 16 counties in the Springfield

Division, including Sangamon County, remain COVID-19 "High Transmission" counties.

8. The United States appreciates the unprecedented tension between the Speedy Trial Act and the Court's valid concern with ensuring the safety of all trial participants (*i.e.,* the Court, court personnel, jurors, witnesses, parties, and counsel) in light of the ongoing public health dangers associated with COVID-19.[1] The United States submits that, should this Court find that continuance of the jury trial is necessary to protect the trial participants from the health dangers associated with COVID-19, such a finding would satisfy the concerns of both the Speedy Trial Act and the Sixth Amendment right to a speedy trial.

---

[1] The undersigned freely acknowledge that they are not experts in public health. While some courts in other locations in the Central District of Illinois have recently conducted jury trials, the United States also concedes that each geographic location faces its own COVID-19 risks; the Springfield courthouse's unique configuration presents unique challenges; and the expected length of this trial (two to three weeks) presents disruption concerns not necessarily as acute during shorter trials.

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Court only grant the defendants' oral motion to continue if it finds that the ends of justice served by continuing the trial due to the ongoing public health dangers associated with COVID-19 outweighs the public's and the defendant's interests in a speedy trial.

Respectfully submitted,

DOUGLAS J. QUIVEY
ACTING UNITED STATES ATTORNEY

s/ Timothy A. Bass
Timothy A. Bass
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
217/492-4450
Fax: 217/492-4512
tim.bass@usdoj.gov

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

                                               s/ Eugene L. Miller
                                               Eugene L. Miller, Bar No. IL 6209521
                                               Assistant United States Attorney
                                               201 S. Vine St., Suite 226
                                               Urbana, IL 61802
                                               Phone: 217/373-5875
                                               Fax: 217-373-5891
                                               eugene.miller@usdoj.gov