**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

TODD SHEFFLER,
WILLIE HEDDEN, and
ALEX BANTA

      Defendant.

No.: 19-CR-30067

## DEFENDANT BANTA'S RESPONSE TO GOVERNMENT'S POSITION REGARDING INTRA DISTRICT TRANSFER

Defendant ALEX BANTA, by his attorneys and for his Response to the Government's Position regarding the Government's stated intention to request an intra district transfer of the trial of this case to the Peoria Division (d/e #190), states as follows:

1.    This case started on December 4, 2019 with the return of the Indictment (d/e #1). Defendant Banta was arraigned and released on bond on December 11, 2019. (d/e

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705

217/544-3403

Page **1** of **16**

#22)    The case was assigned originally to Judge Mills. Between January 2020 and January 2021, the Government has made continuing disclosures to the defense.  On March 9, 2021, the trial was scheduled to start June 28, 2021. *See* Minute Entry of March 9, 2021.

2.    Also, between December 2019 and the setting of the June 2021 trial date, the Court, and all parties, had to deal with the unprecedented impact of the COVID virus. It was not until Eighth Amended General Order  20-01 was entered on January 11, 2021, could the Court begin to schedule the trial in this case for a date after March 23, 2021. *See* Text Order dated January 29, 2011. Then on June 11, 2021, a few weeks before the trial was to start, this case was transferred to United States District Judge Sue E. Myerscough for all further proceedings.  *See*  Text Order of June 20, 2021.

3.    In June, July, and August 2021, the Government

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

made additional disclosures to the defense.

4.      Between June and October 2021, the Court held status conferences at which the impact of the COVID virus on the trial proceedings was continually discussed. The parties and the Court sought to implement a practical solution that would allow the trial to proceed but to do so in a manner that was safe for the Court, court personnel, counsel, parties, witnesses, and jurors. Due to COVID concerns, the Court understandably scheduled and rescheduled the trial date on three occasions (*See* Text Orders dated June 25, 2021; August 3, 2021; and October 19, 2021), properly finding each time that the impact of the public health dangers associated with COVID necessitated that the case be continued and that granting a continuance was in the interest of justice and outweighed the Defendant's and the public's interest in a speedy trial.   Each time, Defendants Banta and Sheffler waived their speedy trial

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

rights on the record.  *See* Text Orders of June 27, 2021, August 5, 2021, and October 22, 2021.

Of course with the current COVID issues of concern, what may take place between now and the trial date is still problematic.

5.   The most recent Court Text Order is that of October 22, 2021.  The parties all agreed to a trial date commencing January 3, 2022 and that the Defendants would advise the Court by no later than December 14, 2021 if a further continuance is being requested.  This was the cut-off date requested by the Government.  **As of the filing of this response, Defendants Banta and Sheffler have not requested a continuance.**

6.   On November 18, 2021, the Government has placed before the Court its position that it intends to request an intra district transfer of the case to Peoria if the case cannot proceed safely at the Springfield federal courthouse.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **4** of **16**

7.    Whether the trial of this case is to be transferred to Peoria is governed by Federal Rule of Criminal Procedure 18, that provides in pertinent part:

> The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

This Court has recognized that the analysis of a request for a transfer under Rule 18 is essentially the same as a request for transfer under Federal Rule of Criminal Procedure 21. *United States v. Schock*, No. 16-cr-30061, 2016 U.S. Dist. LEXIS 169187, at *4 (C.D. Ill. Dec. 7, 2016) No single consideration is dispositive in this analysis. Rather, the Court must "try to strike a balance and determine which factors are of the greatest importance" in the case. *United States v. Morrison*, 946 F.2d 484, 490 n.1 (7th Cir. 1991)(citations omitted) "An intradistrict transfer is not required absent a strong showing of prejudice." *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990)

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

8.     Citing to the Committee Comments to Rule 18 and to 2 Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE Crim § 305, at 339-40 & n.11 (3d ed. 2000 & supp. 2002), the Fifth Circuit has stated that "[although the text of Rule 18 refers only to convenience and prompt administration, the district court may consider other factors. *United States v. Lipscomb*, 299 F.3d 303, 340 and n.179 (5th Cir. 2002)

9.     **Just as the Government is giving the Court and the parties a "heads up" of its future intention to seek an intra district transfer, Defendant Banta offers the following responses to the Government's statement of position so that the Court is aware that Defendant Banta will object if the Government requests an intra-district transfer:**

A.     COVID, as a virus, does not respect division lines within a district.  Thus, the risks of COVID are the same in

Peoria as in Springfield. It would be all of the same persons—potential jurors, witnesses, counsel, parties, the judge, court reporter, and presumably the judge's courtroom and case clerk—being present in Peoria as in Springfield. Perhaps the only difference is court security. But in all cases, it is people coming to whichever courthouse on a daily basis. Hopefully every one of the persons coming to the courthouse for trial have not been infected, nor been around anyone who might spread COVID. Hopefully no break-through cases occur. But moving the trial to Peoria does nothing to defuse this risk.

B. The Peoria courthouse has only one large courtroom just like the Springfield courthouse. There are still small areas for security access into both courthouses. The elevators are small in both courthouses. Both courthouses offer similar other rooms for use.

C. Moving the trial to Peoria, would deprive the judges in the Peoria division of their large courtroom and the

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **7** of **16**

litigants in both civil and criminals hearings and trials that may be on the Peoria division calendar.

D.     Moving the trial to Peoria would seem to greatly inconvenience the Court who, in Springfield, has access to its own chambers, computers, staffs and other resources the Court relies upon.     During times when court is not in session--like before the trial day begins, trial breaks, lunch hour, and after the trial day ends—the Court would be able to conduct such other business as may be necessary.  Moving the trial to Peoria would not seem to be convenient in any manner for the Court.  *See United States v. Schock*, No. 16-CR-30061, 2016 WL 7156461, at *4 (C.D. Ill. Dec. 7, 2016) (denying Rule 18 motion to transfer venue to another division and noting, "this Court's docket will also be affected because the Court will have to reschedule court hearings in the Court's other cases which, if the trial remains in the Springfield Division, could be addressed before this trial

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

begins for the day, during recesses, and after court has adjourned for the day.")

In the *Schock* case, the Government took the following position in opposing the requested intra district transfer (d/e #12 in case 16-30061 at page14), pointing out the disruptive consequent to the Court from such an intra-district transfer:

> "If the Court is required to relocate to [Peoria] for [four] weeks or more, it will need to reschedule hearings and conferences in numerous civil and criminal actions— which might implicate Speedy Trial considerations in the criminal cases, and, in all cases, affect the prompt administration of justice." *United States v. Forlani*, 2012 WL 3524751, at *4 (N.D. Ohio 2012); *see also United States v. Merrill,* 513 F.3d 1293, 1304–05 (11th Cir. 2008) (affirming the district court's refusal to transfer the case to another venue, which was based on the adverse effect such an action would have had on the trial court's docket); *United States v. Tettleton,* 2009 WL 1307888, at *2 (W.D. La. 2009) (docket management weighed heavily against transfer); *United States v. Scott–Emuakpor,* 2000 WL 288443, at*13 (W.D. Mich. 2000) ("Because the Court would be required to spend additional travel and administrative time if the case were [transferred], the Court would be required to postpone other matters on its docket, including criminal matters with speedy trial considerations, to accommodate Defendant's request.").

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705

217/544-3403

Page **9** of **16**

Everything the Government stated as regards its position in the *Schock* case about disruption to the Court applies equally to any request the Government might make to transfer the trial in the case at bar to Peoria. In the case at bar, the Government's filing seems to ignore their own prior admonition about the disruptive consequence of an intra-district transfer.

E. As for Defendant Banta, when he hired FeldmanWasser, his legal fees were set based upon the trial being held in the Springfield federal courthouse. To have the trial in Peoria, means that Defendant Banta's counsel would incur the expense of daily roundtrips or alternatively the cost of staying over in Peoria. This is a substantial additional expense such that if moved to Peoria, it is highly likely that Defendant Banta may require CJA funding for the defense. The Government, of course, stands on a different footing for the Government's expenses are all paid for by tax-payer

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

funding, so expense as to the location of trial is not a factor for the Government.

F.     Having the trial in Peoria denies Defendant Banta's counsel with the support system of their office.  With a trial in Springfield, if Defendant Banta's counsel need to have someone from their office bring them a document or file, or type something up, and run it to the courthouse, or if Defendant Banta's counsel needs to run by the office to secure the file or document, it is not a burden, for the office of Defendant Banta's counsel is located only a few minutes from the Springfield courthouse.  If the trial is moved to Peoria, this undermines the support system for Defendant Banta's counsel.

G.    At the end of each trial day, counsel prepares for the next trial day and for the next day counsel is in the office early to do last minute trial preparation.  If the trial is moved to Peoria, Defendants' counsel will be deprived of an extra 90

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

minutes each day after trial for trial preparation and will be deprived of being able to do work in the morning before trial starts. This all assumes defense counsel have good weather to drive in, meaning no snow or ice in January.

H. In contrast to Defendant Banta's counsel, the Government has the use of the U.S. Attorney's office in the Peoria courthouse with its attorneys, support staff, and computer system. The unfair advantage this gives the Government seriously prejudices Defendant Banta's counsel, and thus seriously prejudices Defendant Banta.

As stated by the Fifth Circuit, a court may not transfer a case where a defendant makes a strong showing that the action would be prejudicial. *United States v. Osum*, 943 F.2d 1394, 1399 (5th Cir. 1991) Defendant Banta can show that an intradistrict transfer to Peoria would be seriously prejudicial to him.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

I.     Moving the trial to Peoria presents a special burden on Defendant Banta's counsel, Mr. Howard W. Feldman.  Mr. Feldman's wife is having knee replacement surgery on December 13, 2021.  Mr. Feldman is the sole caregiver for his wife and what assistance she may require, including transportation to doctors or physical therapy, is unknown at this point.  If the trial remains as scheduled to occur in Springfield, Mr. Feldman believes he can manage to work his family responsibilities with the trial.  But if the trial is transferred to Peoria, Mr. Feldman will not be able to participate in a trial occurring some 90 miles away from Springfield and to also be an available caregiver for his wife. Accordingly, Mr. Feldman believes that he will be compelled to withdraw as counsel for Defendant Banta.  At this late date, this would seriously prejudice Defendant Banta's defense as Defendant Banta's two counsel have been dividing

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

work responsibilities as regards pretrial and trial issues and preparation.

J.    The configuration of the Peoria courthouse does not alleviate the issues of selecting jurors first from only vaccinated jurors and witnesses wearing face shields.

K.    Jurors seated for a trial in the Peoria courthouse will still have to be spread out for safety which means, just like in the Springfield courthouse they will have to sit behind and not within the well of the court, presenting the same issues/concerns that defense counsel have raised previously about courtroom configuration.

Wherefore, for the reasons stated above, should the Government seek to move the trial of this case to Peoria, Defendant Banta intends to object to any such request.

ALEX BANTA, Defendant,

/s/Stanley N. Wasser _____
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **15** of **16**

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A Bass     tim.bass@usdoj.gov

Eugene L Miller     eugene.miller@usdoj.gov

William L Vig     bill@vig-law.com

Sara M. Vig     sara@vig-law.com

Mark Wycoff     mark@wycofflaw.com

James Elmore     elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

/s/Stanley N. Wasser _____
Stanley N. Wasser, #2947307

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403