**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

## DEFENDANT BANTA'S PROPOSED REVISED ADDITIONAL JURY INSTRUCTIONS REGARDING THE HOSPITAL AND AUTOPSY PHOTOGRAPHS

Defendant ALEX BANTA, by his attorneys, requests the Court to give the following <u>revised</u> additional limiting instructions to the jury regarding the hospital and autopsy photographs: Defendant Banta Instruction Numbers B1.09R-2 (to be given before the medical witnesses testify) and B1.09R-3 (to be given at the end of the trial before the jury retires to deliberate).

Copies of this Instructions are appended hereto.

As noted below, Defendant Banta's counsel conferred with Government's counsel about these proposed instruction and Government's counsel has advised that the Government has no objection to these instructions and will be advising the Court that the Government is withdrawing its previously proposed instruction.

By proposing these limiting instructions previously and now regarding the hospital and autopsy photographs, Defendant Banta states that he is not waiving his prior stated objection to their admission. The Court has ruled that the photographs will admitted (d/e#188). Defendant Banta respectfully disagrees with the Court's ruling but recognizes that it is the law of this case

1. Defendant Banta originally proposed a version of these limiting instructions (d/e #205) pursuant to the Court's November 2, 2021 Order and the invitation by the Court at the December 15, 2021 status hearing. Banta

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **2** of 11

Instruction B1.09R was proposed to be given to the jury during the trial and before Dr. Collier and Dr. Norfleet testified.  Banta Instruction B1.09R-1 was proposed to be given to the jury at the end of the trial as part of the Court's instructions to the jury.

2.   The Government objected to Defendant Banta's proposed limiting instructions and proposed an alternative instruction (d/e #198 at pages 14-15).

3.   On December 20, 2021, the Court held a hearing on these and other proposed additional jury instructions.  As to these limiting instructions, the Court refused both of Defendant Banta's proposed instructions and accepted the Government's proposed limiting instruction.  But in doing so, the Court stated that the Government's instruction "was heavy handed".  The Court invited Defendant Banta to submit another version of a limiting instruction.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **3** of 11

4.     In the colloquy with the Court, Defendant Banta's counsel contended that unlike Seventh Circuit Pattern Instruction 3.11 upon which the Government modeled its proposed limiting instruction, the purpose of the limiting instructions *vis a vis* the photographs is to caution and remind the jury not to be influenced by sympathy or emotion; that a 3.11 instruction tells the jury what limited purposes they can consider other acts evidence because Federal Rule of Evidence 404(b) only allows that evidence for one of the purposes enumerated in the rule, a circumstance not presented by the introduction of the photographic evidence; that Defendant Banta included all but one of the limiting purposes in its proposed instruction hoping to strike a compromise based on the purposes for which the Court previously found supported the admission of the photographs (*See* the Court's Opinion of November 2, 2021 (d/e #188), but that on further reflection no purpose should

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page 4 of 11

be stated in these instructions regarding the photographs. Rather, Defendant Banta's counsel contended, the purposes for which the jury can consider this photographic evidence can be argued to the jury.

5.      Having the Court tell the jury what purposes the photographic evidence can be used for simply lends weight and credence to the Government's case.   There may be purposes other than the five purposes set out in the Government's limiting instruction for which the jury can consider this photographic evidence. An instruction that limits the purposes for which a jury can consider the photographs as proposed by the Government's instruction precludes Defendant Banta from arguing something different about the photographs based on the testimony elicited during the trial.   For example, the location of the injuries depicted in the photographs may assist the jury in determining where in the timeline of events the injuries may

have been incurred.  Or the photographs may represent matters that contradict witness testimony so they should properly be considered by the jury as to their impeaching value.

6.   Accordingly, and for these reasons, Defendant Banta is now proposing two *revised* additional instructions, B1.09-2 and B1.09-3 which are identical to the prior proposed instructions rejected by the Court but which eliminate language that tells the jury for what purposes they can consider the photographic evidence.

7.   Defendant Banta's counsel submitted these proposed instructions to Government's counsel and Government's counsel has advised that the Government has no objection to the proposed instructions and will be informing the Court that the Government will withdraw its proposed limiting instruction.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **6** of 11

Wherefore, for the above stated reasons Defendant Banta requests that the Court give these two additional limiting instructions.


ALEX BANTA, Defendant,

By:_/s/Stanley N. Wasser_____
      Stanley N. Wasser, #2947307
      One of His Attorneys
      FeldmanWasser
      1307 South Seventh Street
      Springfield, IL 62703
      217-544-3403
      swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **7** of 11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A Bass        tim.bass@usdoj.gov

Eugene L Miller        eugene.miller@usdoj.gov

William L Vig          bill@vig-law.com

Sara M. Vig            sara@vig-law.com

Mark Wycoff            mark@wycofflaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

By:  /s/Stanley N. Wasser

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Ladies and gentlemen, you are about to hear testimony both from a Government witness who was a doctor that attended to Larry Earvin at St. John's Hospital and from a medical examiner who conducted the autopsy of Mr. Earvin. These witnesses are expected to identify and testify about certain photographs.  One of the photographs was taken of Mr. Earvin when he was in St. John's Hospital. The other photographs were taken during the autopsy.

I want to caution you that you may find the photographs to be unpleasant.

But it is your sworn duty to decide this case based solely on the evidence you receive, without being influenced by any emotion or sympathy that you may have from viewing the photographs. You should not allow the nature of these photographs or what is depicted in the photographs to inflame you or prejudice your decision in this case.

Defendant Banta's Instruction No. B1.09R-2
Non-Pattern Instruction

Given _____
Refused _____
Modified _____
Withdrawn____

As to the importance of a limiting instruction:

*United States v. Lee*, 558 F.3d 638, 649 (7th Cir. 2009)(discussing the use of limiting instructions as a means to quell the prejudice of an impermissible basis to convict);

*United States v. Jones*, 455 F.3d 800, 809 (7th Cir. 2006)(noting, albeit in the context of 404(b) evidence, that a limiting instruction is "effective in reducing or eliminating any possible unfair prejudice from the instruction" of such evidence)

*United States v. McKibbins*, 656 F.3d 707, 713 (7th Cir. 2011)(observing, albeit in the context of a child pornography case, "that a limiting instruction would have been useful here to clarify precisely what the photographs were being used for...and "would have steered the jury away from the propensity inference it might otherwise have used.")

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705

217/544-3403

Page **10** of 11

You have viewed evidence consisting of hospital and autopsy photographs.

In considering this photographic evidence you must do so without being influenced by any emotion or sympathy that you may have from viewing the photographs.

Defendant Banta's Instruction No. B1.09R-3
Non-Pattern Instruction

Given _____
Refused _____
Modified _____
Withdrawn____

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403