IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA<br><br>    Defendant. | No.: 19-CR-30067 |

# DEFENDANT BANTA'S MOTION *IN LIMINE* NO. 9 FOR ENTRY OF AN ORDER REGARDING THE GOVERNMENT'S PROPOSED EXHIBIT REGARDING DEFENDANT EARVIN

Defendant ALEX BANTA, by his attorneys, moves this Court moves this Court pursuant to Federal Rule of Criminal Procedure 16(d), Federal Rules of Evidence 104, the inherent authority of this Court to manage the trial in this case,[1] for entry of an order:

---

[1] *"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."* Luce v. U.S., 469 U.S. 38, 41 n.4 (1984). Motions *in limine* permit the district court to eliminate in

(1) barring the Government from introducing the death certificate of Larry Earvin or in the alternative redacting a portion of that exhibit; and

(2) barring the Government from introducing the Cook County State's Attorney Report regarding Mr. Earvin's 2015 conviction.

The Court is very familiar with the issues in this case so this Motion will not unnecessarily repeat that information for the Court.

In support of this Motion, Defendant Banta states as follows:

1. At the very end of jury selection on March 24, 2022, at about 5:30 p.m. or so – being virtually the eve of trial --

---

advance of trial evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997); *accord U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002).

Government's counsel handed to defense counsel two documents, each consisting of several stapled pages, which Government's' counsel advised it would be admitting through its first witness at trial. This document was represented to be Government's Exhibit 1, title on the Government Amended Exhibit list (d/e #164-1) as "IDOC Custodial Records of Inmate Larry Earvin". According to Government's counsel, one document containing redactions is the exhibit the Government intends to use at trial and the second document was the unredacted version of the exhibit.

2. This exhibit consists of the following pages:

- a color photograph head shot of Mr. Earvin

- an IDOC Offender Fingerprint Card with the social security number redacted

- a two page document from the Office of the Cook County State's Attorney listing information about Mr. Earvin's 2015 robbery charge, sentencing date, and a paragraph under "Official Statement of Facts" that was redacted to eliminate the sentence "Defendant has 7 prior felony convictions."

- an IDOC Security Summary for Escorts that was redacted to eliminate (i) under "Escape History" the entry "AWOL-Parole 85, 89, & 03"; (ii) under "Gang Activity" an entry was redacted on both documents but from other pretrial disclosures Mr. Earvin was listed as a Gangster Disciple; and (iii) was redacted to eliminate under "Other Relevant Information" the entry "Aggravated Arson, Theft + Robberies"

- a one page document entitled IDOC DNTA Test Inquiry page

- a one page document on which was recorded the calculation of Mr. Earvin's sentencing time and projected out dates

- the two page State of Illinois Certificate of Death Worksheet signed by Phillip A. Moss, Medical Examiner/Coroner, and listing as the first case of death "COMPLICATIONS OF BLUNT THORACOABDOMINAL TRAUMA" and listing as the secondary cause of death "ALTERCATION AT WESTERN ILLINOIS CORRECTIONAL CENTER"

- a one page document of IDOC recording the notification of Mr. Earvin's death, noting who took possession of Mr. Earvin's body, his current offense, and the date, time, and place of death

3. **Cook County State's Attorney Documents**: For the following reasons that part of the exhibit from the Office

of the Cook County State's Attorney should be barred from being admitted at trial.  **First**, it is not a record made by the Illinois Department of Corrections ("IDOC") in its usual course of business. Rather it is a document from a third party that was placed by IDOC in its files.  Placing a document authored by a third party into a business record file does not make the document admissible as a business record under Federal Rule of Evidence 803(6).

**Second**, that part of the Cook County State's Attorney authored document reciting what is labeled as the Official Statement of Facts is hearsay, as it is simply the State's Attorney statement of what they claim were the facts of Mr. Earvin's robbery case.  We do not know what the full facts are and whether even this hearsay statement is fully accurate.

**Third**, if the Cook County State's Attorney document is to be admitted, which it should not, then the sentence

"Defendant has 7 prior felony convictions" should not be redacted. Based on representations that Government's counsel has made to Defendant Banta's counsel over the course of this case, it is expected that the Government intends to present to the jury a picture of an older docile inmate who was beat up by the defendants. But if Mr. Earvin has a history of felony convictions and was affiliated with a gang, the jury has a right to hear this evidence.

Officers Syrcle and Snell who confronted Mr. Earvin at the rear of D Wing said Mr. Earvin started becoming combative and then became more combative, flailing his legs around and jerking so they could not cuff him and he became aggressive. (Syrcle Grand Jury Testimony, pg. 11, 18-20; Snell Grand Jury Testimony, pg. 39) Syrcle also told Lt. Burnett that Mr. Earvin told Syrcle "I ain't giving you shit ". (Syrcle Grand Jury Testimony, pg. 10-11 and Syrcle Incident Report) Officer Waterstraat said Mr. Earvin in the R-1

housing foyer, when Mr. Earvin was being walked out of R-1, said Mr. Earvin became aggressive and started to kind of kick back trying to get away from the escort team. [Waterstraat Grand Jury Testimony, pgs. 22-26, 29-32] Other officers also made statements about Mr. Earvin's combative behavior in the R1 unit.

The jury is entitled to hear what Mr. Earvin was doing when interacting with officers in R-1 and the jury should be informed that Mr. Earvin, who was fighting the officers, had a criminal history of felonies, which facts a jury could infer corroborates that Mr. Earvin was not simply a docile old inmate.

For the same reasons the jury should be informed of any gang affiliation of Mr. Earvin.

**Fourth**, if it is relevant to put in Mr. Earvin's robbery felony history it is relevant to put in the record of his entire criminal history as maintained by IDOC.

4. **Death Certificate:** For the following reasons that part of the exhibit from the Office of the Cook County State's Attorney should be barred from being admitted at trial. **First**, it is not a record made by the Illinois Department of Corrections ("IDOC") in its usual course of business. Rather it is a document from a third party that was placed by IDOC in its files. Placing a document authored by a third party into a business record file does not make the document admissible as a business record under Federal Rule of Evidence 803(6).

**Second**, there is no issue in this case about whether Mr. Earvin died on June 26, 2018 at the Centralia Correctional facility in Clinton County, Illinois. These facts won't be contested. So the death certificate is unnecessarily cumulative and serves no relevant purpose. Particularly since the exhibit recites this information on the IDOC Notification of Offender Death document.

**Third**, if the Death Certificate is admitted, which it should not be, then the two entries regarding cause of death need to be redacted. The author of this Death Certificate, Phillip Moss the Medical Examiner/Coroner is not listed as a Government witness. Nor has he been previously disclosed by the Government as an opinion witness. The cause of death entries are statements of subjective opinions. Moreover they would be hearsay as it was Dr. Norfleet who performed the autopsy.[1]

**Fourth**, introduction of a death certificate against a criminal defendant has been held violative of the Confrontation Clause where the certificate contained unsupported assertions and the declarant was not produced by the prosecution even though available. *Stevens v.*

---

[1] Dr. Norfleet put the cause of death as complications of blunt thoracoabdominal trauma, and nothing more. (Government Response to Defendant Banta Motion *In Limine* 5, at pages 4-5)

*Bordenkircher*, 746 F.2d 342, 348 (6th Cir. 1984).  As discussed in more detail in Defendant Banta's Motion *In Limine* No. 8 regarding the entries of Dr. Elmore in the hospital records, evidence that is admissible as an exception to the hearsay rule must still be analyzed separately to ensure that its admission does not violate the Confrontation Clause.

Wherefore, Defendant ALEX BANTA prays that this Court enter an order:

(3)   barring the Government from introducing the death certificate of Larry Earvin or in the alternative redacting a portion of that exhibit; and

(4)   barring the Government from introducing the Cook County State's Attorney Report regarding Mr. Earvin's 2015 conviction or in the alternative removing the redaction of entries regarding Mr. Earvin's prior convictions, his gang activity, and

escape activity, and redacting the Cook County State's Attorney's Official Statement of Facts.

ALEX BANTA, Defendant,

By: /s/Stanley N. Wasser
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Timothy A Bass  tim.bass@usdoj.gov

  Eugene L. Miller  eugene.miller@usdoj.gov

  Sara Vig  sara@vig-law.com

  William L Vig  bill@vig-law.com

  Mark Wycoff  mark@wycofflaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  Not Applicable

          By: /s/Stanley N. Wasser